T. R. HARPER V. THE STATE.

No. 23153. Delivered June 6, 1945.

The opinion states the case.

*Hawkins & Myers,* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of forgery and sentenced to two years in the penitentiary.

Jess Jones and wife, Margaret, owned a house situated on Lot 5, Block 2, Booker Washington Addition to the City of Houston. They entered into an agreement with appellant for certain repairs at a specified sum for labor with a separate item for material. A form of contract, setting out its terms, was presented to Jones but no instrument in writing was signed by them. The work was begun and a few days thereafter appellant applied to one Edwards, a barber of his race and color, for a loan representing that he had a contract to repair the Jones home and desired money for the purpose of paying his laborers as the work progressed. The contract money was to be paid upon completion. Edwards advanced him some money but required that he go to his lawyer, Davis, and satisfy him as to the legality of his contract and the validity of the loan. Among other things Davis prepared a mechanic's lien to be executed by Jones and wife in conformity with law, and gave it to appellant instructing him about having it executed. The evidence is without dispute that appellant forged the names of Jones and wife to this instrument, and secured a notary who affixed his jurat without requiring their presence. The instrument was returned to Davis in whose presence Edwards paid to appellant $170.00, or more, for the purpose of taking care of his laborers. It transpired that Jones and wife had furnished money for this purpose and that the job was not completed in accordance with appellant's contract. If Jones and wife had executed the instrument alleged in the indictment they would have become obligated to appellant in a pecuniary way and Edwards, as his assignee, might have been able to collect his money from them independent of the validity of the lien against their home.

The chief defense urged on appeal is based upon the proposition that the instrument, if it had been signed by Jones and wife and acknowledged in the manner indicated, would not "have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever," as provided in Article 979, Vernon's Ann. P. C. The foregoing statement of the case sufficiently answers this proposition.

Appellant has filed his brief in this case but has cited no authorities to sustain his position. We are not familiar with any which would assist him.

The judgment of the trial court is affirmed.